# CIRCUIT COURT OF THE CITY OF ROANOKE

David A. Wallace

v.

Edward Dramberger et al.

April 18, 2002

Case No. CL99-426

BY JUDGE ROBERT P. DOHERTY, JR.

The Court has previously ruled in this case that, although a tenant is not liable in tort to the landlord for the negligence of a subtenant, when the parties contract to not unreasonably use electrical appliances in such a way as to cause harm to the leased premises, proof of such an unreasonable act and resulting damage by the subtenant can be used, under the unique language of this lease and sublease, to impose liability on the tenant. If such liability were imposed, it would be under a breach of contract theory and not under a tort theory. Plaintiff landlord now asks for summary judgment based upon Defendant tenant's answer to an interrogatory that the damage to the leased premises was caused by the negligent conduct of the subtenant. Defendant tenant objects, and the Court, for different reasons than those argued by tenant, denies the motion.

Plaintiff landlord's opinion is that subtenant is liable to the landlord for damages sustained when subtenant unreasonably or negligently used the stove in the apartment in such a manner as to cause a fire which resulted in a massive loss to the building. Such an opinion by Plaintiff is not accepted by the Court as a verity but instead must stand the test of the proof of the facts alleged by the preponderance of the evidence. *Simmons v. Miller*, 261 Va. 561, 579-80 (2001). Defendant tenant in his answer to the interrogatory in question does not admit his liability but instead states his opinion that he also

believes that subtenant negligently caused damage to the landlord's building. If both parties are correct in their opinions concerning the negligence of the subtenant, then that may well constitute proof of a breach of the lease by subtenant and thus a breach of the lease by the tenant, thereby causing both tenant and subtenant to be held liable to the landlord. However, the Court does not decide cases based solely upon the speculations of the parties.

The answer to the interrogatory in question is nothing more than the Defendant tenant's opinion as to the negligence of another party. That answer contains no facts. It is yet to be seen as to whether Defendant subtenant was negligent. Those facts are still in controversy. Rule 3:18 of the Rules of the Supreme Court of Virginia state in pertinent part that "[s]ummary judgment shall not be entered if any material fact is genuinely in dispute." See also *Day v. Abernathy*, 204 Va. 723, 728 (1963), and *Slone v. GMC*, 249 Va. 520, 522 (1995). Accordingly, Plaintiff's motion for summary judgment is denied.